UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRANDON MONTGOMERY, as personal representative for the estate of Gary Montgomery,<br><br>    Plaintiff<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>    Defendant. | Civil Action No. 1:18-cv-01928-JDB |

## DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant District of Columbia (the District), answers Plaintiff's Amended Complaint [48] as follows:

### First Defense

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

### Second Defense

In response to the numbered allegations in the Amended Complaint, Defendant responds as follows:

### INTRODUCTION[1]

1. Denied.

2. Denied.

3. Denied.

4. Denied.

---

[1] For convenience and ease of reference only, the District utilizes the headings appearing in Plaintiff's Amended Complaint in responding to the paragraphs contained therein.

5. Denied.

6. Admitted.

7. Defendants lack sufficient information or knowledge to admit or deny the allegations in paragraph 7.

8. Defendants lack sufficient information or knowledge to admit or deny the allegations in paragraph 8.

9. Denied.

10. Defendant admits that DNA testing was conducted but deny the remaining allegations in paragraph 10.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied

26. Defendant denies that Plaintiff's family is entitled to any relief.

27. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 27.

## JURISDICTION AND VENUE

28. Defendant admits that the Court has subject matter and personal jurisdiction over this matter, but denies that the Court may issue declaratory relief as alleged in footnote 1 of the Amended Complaint.

29. Defendant admits that venue is proper but denies any wrongdoing.

## PARTIES

30. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 30.

31. Admitted.

## STATEMENT OF FACTS

32. Admitted.

33. Admitted.

34. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 34.

35. Admitted.

36. Defendant admits that Mr. Jackson gave a description of the killer and his encounter with him but denies all remaining allegations in paragraph 36.

37. Admitted.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 43.

44. Admitted.

45. Admitted.

46. Defendant admits that the video footage showed Mr. Montgomery leaving the view of the camera and that it was not released to the public, but denies the remaining allegations in paragraph 46.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Defendant denies that the person was running at a "fast clip" but admits the remaining allegations in paragraph 53.

54. Defendant admits that its agents never showed the video to Jermaine Jackson, but denies the remaining allegations in paragraph 54.

55. Denied.

56. Defendant lacks sufficient information or knowledge to admit or deny the

allegations in paragraph 56.

57. Denied.

58. Admitted.

59. Defendant admits that neighborhood people knew that Mr. Montgomery had a prominent limp but denies the remaining allegations in paragraph 59.

60. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 60.

61. Denied.

62. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 62.

63. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 63.

64. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 64.

65. Denied.

66. Admitted.

67. Admitted.

68. Denied.

69. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 69.

70. Admitted.

71. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 71.

72. Denied.

73. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 73.

74. Defendant admits that clothing was found on the scene and that DNA testing was conducted. Defendant denies the remaining allegations in paragraph 74.

75. Defendant lacks sufficient information or knowledge to admit or deny what was disclosed to Mr. Montgomery's lawyers and admits the remaining allegations in paragraph 75.

76. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 76.

77. Admitted.

78. Admitted.

79. Admitted.

80. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 80.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Defendant denies that the detectives deliberately withheld exculpatory evidence from the defense team. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 85.

86. Defendant lacks sufficient information or knowledge to admit or deny allegations in paragraph 86.

87. Denied.

88. Defendant lacks sufficient information or knowledge to admit or deny allegations in paragraph 88.

89. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 89.

90. Defendant lack sufficient information or knowledge to admit or deny the allegations in paragraph 90.

91. Defendant lacks sufficient information to admit or deny the allegations in paragraph 91.

92. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 92.

93. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 93.

94. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 94.

95. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 95.

96. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 96.

97. Defendants lack sufficient information or knowledge to admit or deny the allegations in paragraph 97.

98. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 98.

99. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 99.

100. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 100.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 106.

107. Defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 107.

108. Denied.

109. Denied.

110. Denied.

111. Admitted.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

## COUNT VIII
### Survival Action (D.C. Code § 12-101)
### (Americans With Disabilities Act Claim)

127. Defendant incorporates by reference its responses to paragraphs 1 through 126.

128. Denied.

129. Denied.

130. Defendant admits that the Americans with Disabilities Act prohibits the District from discriminating against individuals.  Defendant denies the remaining allegations in paragraph 130.

131. Defendant admits that the Metropolitan Police Department is prohibited from discriminating against individuals with disabilities.  Defendant denies the remaining allegations in paragraph 131.

132. Denied.

133. Denied.

134. Admitted.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

## COUNT IX
### Survival Action (D.C. Code § 12-101)
### (Section 504 Rehabilitation Act Claim)

143. Defendant incorporates by reference their responses to paragraphs 1 through 142.

144. Admitted.

145. Admitted.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

Further answering, Defendant denies any allegation not specifically admitted or otherwise answered.

### Third Defense

The District, its agents, servants, and employees acted at all times relevant herein consistently with all applicable laws, rules, regulations, constitutional provisions and standards of care.

### Fourth Defense

The District, its agents, servants, and employees acting with the course and scope of their employment, have performed their obligations, if any, toward Gary Montgomery in accordance with all applicable regulatory, statutory, constitutional and common law requirements.

### Fifth Defense

Plaintiff may have failed to comply with pre-suit mandatory filing requirements.

### Sixth Defense

If Gary Montgomery was injured or damaged as alleged in the complaint, such injuries and/or damages resulted from his own willful, negligent, or reckless conduct.

### Seventh Defense

If Gary Montgomery was injured or damaged as alleged in the complaint, such injuries and/or damages may have resulted from the conduct of third parties whose negligence or intentional conduct constitutes a superseding and intervening cause of his injuries and damages, thus reducing or eliminating any damages against the District.

### Eighth Defense

If Gary Montgomery was injured or damaged as alleged in the Complaint, said injuries and/or damages resulted from Gary Montgomery's own contributory negligence and/or assumption of risk.

### Ninth Defense

The District's actions or the actions of its employees as alleged in the Complaint were not the proximate cause of any injuries, losses, or damages to Plaintiff.

### Tenth Defense

All actions taken by the Defendant and its employees relating to Gary Montgomery were necessary, reasonable, and pursuant to lawful authority.

### Eleventh Defense

Plaintiff and/or Gary Montgomery may have failed to mitigate their damages.

### Twelfth Defense

Plaintiff may have failed to meet the applicable statute of limitations.

### Thirteenth Defense

Plaintiff's claims may be barred by collateral estoppel and *res judicata.*

### Fourteenth Defense

Plaintiff's claims may be barred by the doctrine of absolute, official, and discretionary and/or sovereign immunity.

### Fifteenth Defense

Plaintiff is not entitled to declaratory, injunctive, or equitable relief.

### Sixteenth Defense

Gary Montgomery was not a qualified person under the Americans with Disabilities Act.

**Seventeenth Defense**

The District cannot be held liable for damages for violations of the Americans with Disabilities Act based upon respondeat superior liability.

**Set Off**

The District asserts a set-off against any judgment rendered against it for all payments and other benefits provided to or on behalf of Plaintiff and/or Gary Montgomery, including but not limited to all funds and services provided to Plaintiff and/or to Gary Montgomery through public assistance, including Medicaid, Medicare, or other sources.

Defendant reserves the right to amend their Answer to Plaintiff's Amended Complaint and to raise any additional defenses, which the evidence in discovery may reveal.

Having answered the Amended Complaint, Defendant requests dismissal of this action with prejudice, costs and any other relief deemed appropriate by the Court.

**Jury Demand**

Defendant requests a trial by jury on all issues so triable.

Date:  June 10, 2021                    Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Alicia M. Cullen*
ALICIA M. CULLEN [1015227]
Chief, Civil Litigation Division, Section III

*/s/ Robert A. DeBerardinis, Jr.*
ROBERT A. DEBERARDINIS, JR. [335976]
Senior Assistant Attorney General
AARON J. FINKHOUSEN [1010044]
Assistant Attorney General

400 6th Street, NW
Washington, D.C. 20001
Phone:  202-724-6642; 202-724-7334
Fax:  202-741-8895; 202-730-0493
Email:  robert.deberardinis@dc.gov;
aaron.finkhousen@dc.gov
*Counsel for Defendant District of Columbia*

14